# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF FLORIDA, TALLAHASSEE DIVISION

## CASE No.

In Re: *The Rules of the*

*Supreme Court Relating to*

*Admissions to the Bar*

---

## COMPLAINT

### Dated 18 April 2023

---

FILED USDC FLND TL
APR 20 '23 PM 3:58

---

*F C Deliu, pro se*

Tel: (561) 298 - 1517

fcdeliu@gmail.com

TABLE OF CONTENTS

COMPLAINT.........................................................................3

INTRODUCTION...................................................................3

PARTIES...............................................................................3

JURISDICTION.....................................................................3

VENUE..................................................................................3

STATEMENT OF CASE AND FACTS ...........................4

SUMMARY OF ARGUMENT...........................................6

CAUSE OF ACTION..........................................................7

PRAYER FOR RELIEF......................................................9

JURY DEMAND..................................................................9

EXECUTION AND CONTACT DETAILS.......................9

**COMPLAINT**

1. This case is about the vires of an administrative agency created by a state supreme court's rules, particularly whether it has been lawfully created.

**INTRODUCTION**

2. Pursuant to constitution and statute, a bar applicant's admission to the legal profession is "exclusive[ly]" and "proper[ly]" within the power of his state supreme court.  Notwithstanding, an administrative agency created by that court through its rules is delegated to process his application from its inception[1].  He avers to its legality, so brings the instant suit.

**PARTIES**

3. The petitioner, Francisco Catalin Deliu (hereinafter "Deliu"), a litigant in person, is an admitted barrister and solicitor in multiple jurisdictions overseas, currently resident in the state of Florida (hereinafter "Florida").

**JURISDICTION**

---

[1] Please see Annexure "A."

4. This Honorable Court has subject-matter jurisdiction to grant the relief sought under 28 U.S.C. §§ 1331, 1343(3), 1367 and/or 2201, the Constitution of the United States of America and its Amendments (hereinafter "federal Constitution") and the Court's equitable powers.

**VENUE**

5. Venue lies in this district pursuant to 28 U.S.C. § 1391 as the Rules of the Supreme Court Relating to Admissions to the Bar (hereinafter "Rules") in question were promulgated by the Florida Supreme Court (hereinafter "Supreme Court") while sitting in Tallahassee.

**STATEMENT OF FACTS AND LAW**

6. On or about June 10th to the 15th in 2021, Deliu applied for admission to the Florida Bar.

7. At all material times since, his application has been before the Florida Board of Bar Examiners (hereinafter "Board"); it has never been before the Supreme Court.

8. The Supreme Court's legal powers are enunciated only in Article 5, §§ 3 & 15 of the Florida Constitution (hereinafter "state Constitution"):

---

SECTION 3.    Supreme court.—

(a)    ORGANIZATION.—The supreme court shall consist of seven justices. Of the seven justices, each appellate district shall have at least one justice elected or appointed from the district to the supreme court who is a resident of the district at the time of the original appointment or election. Five justices shall constitute a quorum. The concurrence of four justices shall be necessary to a decision. When recusals for cause would prohibit the court from convening because of the requirements of this section, judges assigned to temporary duty may be substituted for justices.

(b)    JURISDICTION.—The supreme court:

(1)    Shall hear appeals from final judgments of trial courts imposing the death penalty and from decisions of district courts of appeal declaring invalid a state statute or a provision of the state constitution.

(2)    When provided by general law, shall hear appeals from final judgments entered in proceedings for the validation of bonds or certificates of indebtedness and shall review action of statewide agencies relating to rates or service of utilities providing electric, gas, or telephone service.

(3)    May review any decision of a district court of appeal that expressly declares valid a state statute, or that expressly construes a provision of the state or federal constitution, or that expressly affects a class of constitutional or state officers, or that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law.

(4)    May review any decision of a district court of appeal that passes upon a question certified by it to be of great public importance, or that is certified by it to be in direct conflict with a decision of another district court of appeal.

(5)    May review any order or judgment of a trial court certified by the district court of appeal in which an appeal is pending to be of great public importance, or to have a great effect on the proper administration of justice throughout the state, and certified to require immediate resolution by the supreme court.

(6)    May review a question of law certified by the Supreme Court of the United States or a United States Court of Appeals which is determinative of the cause and for which there is no controlling precedent of the supreme court of Florida.

(7)    May issue writs of prohibition to courts and all writs necessary to the complete exercise of its jurisdiction.

(8)    May issue writs of mandamus and quo warranto to state officers and state agencies.

(9)    May, or any justice may, issue writs of habeas corpus returnable before the supreme court or any justice, a district court of appeal or any judge thereof, or any circuit judge.

(10)    Shall, when requested by the attorney general pursuant to the provisions of Section 10 of Article IV, render an advisory opinion of the justices, addressing issues as provided by general law.

(c)    CLERK AND MARSHAL.—The supreme court shall appoint a clerk and a marshal who shall hold office during the pleasure of the court and perform such duties as the court directs. Their compensation shall be fixed by general law. The marshal shall have the power to execute the process of the court throughout the state, and in any county may deputize the sheriff or a deputy sheriff for such purpose.

SECTION 15.    Attorneys; admission and discipline.—The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted.

9.  Save for the Clerk and Marshall positions, nowhere in the state Constitution – or any statute – is the Supreme Court authorized to appoint any public officer holder, much less create any administrative agency that operates as a sub-court or quasi-court.

10. Notwithstanding the lack of any express democratic or lawful authority, in 1955 the Supreme Court purported to sua sponte[2] birth the Board as an administrative agency that in practice functions as a sub or quasi court, *LaBossiere v. Florida Board of Bar Examiners*, 279 So. 2d 288 (1973):

> The Florida Board of Bar Examiners, as presently constituted, was created by this Court in 1955 pursuant to general statutory and constitutional authority declaring the admission of attorneys to practice law in Florida to be exclusively a judicial function. Fla. Const., Article V, § 23 (1885), F.S.A.; Chapter 29796, Section 1, Laws of Florida (1955); Fla. Stat. § 454.021(1), F.S.A.

11. Federal District Courts have subject-matter jurisdiction over "general challenges to state bar rules", *Uberoi v. Supreme Court of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016), cited with approval by *Ramos v. Tomasino*, No. 16-15890 (11th Cir. Jul. 7, 2017) and including consideration of constitutional challenges to facial validity of "general rules and procedures governing admission to the bar", *Kirkpatrick v. Shaw*, 70 F.3d 100, 102 (11th Cir. 1995).

---

[2] Cf Magistrate Judges in this Honorable Court who are creatures of statute, 28 U.S.C. § 631(a) et seq.

## SUMMARY OF ARGUMENT

12. Deliu argues that the Board – as created by the Rules – is an ultra vires body.

13. The Rules most specifically in issue in this proceeding are:

1-12 Rules. The Rules of the Supreme Court Relating to Admissions to the Bar are reviewed, approved, and promulgated by the Supreme Court of Florida. ...

1-13 Florida Board of Bar Examiners. The Florida Board of Bar Examiners is an administrative agency of the Supreme Court of Florida created by the court to implement the rules relating to bar admission.

1-20 Florida Board of Bar Examiners.

1-21 Membership. The Florida Board of Bar Examiners consists of 12 members of The Florida Bar and 3 public members who are not lawyers.

14. The Supreme Court, in implementing Rr 1-12, 1-13, 1-20 & 1-21, purported to create the Board.  It did not have the necessary constitutional or statutory authority to do so.

15. The Board is ultra vires such that Deliu is being subjected to an ultra vires process and so thereby his federal and/or state constitutional and/or civil rights are being violated.  A declaration should so issue.

## CAUSE OF ACTION

I.    Count 1 – Ultra Vires Violation of Constitutional and/or Civil Rights

16. Deliu has rights under the Fifth and Fourteenth Amendments to the federal

    Constitution in that the Fifth Amendment provides that no one shall be "deprived of

    life, liberty or property without due process of law...."  The Fourteenth Amendment

    imports that prohibition to the states of the United States, which includes Florida.

17. Deliu also has rights under Article 1, Section 9 of the state Constitution which

    provides that "[n]o person shall be deprived of life, liberty or property without due

    process of law...."

18. An ultra vires act is one that is "[u]nauthorized; beyond the scope of power allowed or

    granted by a corporate charter or by law." Black's Law Dictionary (10th ed., 2014).

19. Fla. Const., Article V, § 23 (1885), F.S.A. does not authorize the power to create any

    administrative agency or quasi or sub-court generally or the Board specifically:

    Section 23. A Constable shall be elected by the registered voters in each Justice's district, who

    shall perform such duties, and under such regulations as may be prescribed by law.

20. Chapter 29796, Section 1, Laws of Florida (1955); Fla. Stat. § 454.021(1), F.S.A.

    does not authorize the power to create any administrative agency or quasi or sub-

    court generally or the Board specifically:

    Attorneys; admission to practice law; supreme court to govern and regulate.

    (1) Admissions of attorneys and counselors to practice law in the state is hereby declared to be a

    judicial function.

    (2) The supreme court of Florida, being the highest court of said state, is the proper court to govern

    and regulate admissions of attorneys and counselors to practice law in said state.

    (3) This section shall not affect the right of the legislature at any time to change the provisions

    hereof and the legislature hereby expressly reserves that right.

21. Neither of Fla. Const., Article V, § 23 (1885), F.S.A. or Chapter 29796, Section 1,

    Laws of Florida (1955); Fla. Stat. § 454.021(1), F.S.A granted the Supreme Court the

    authority to create the Board.

22. The Board is an illegal body under Florida law.

23. The state Constitution expressly provides that the Supreme Court has "exclusive"

    jurisdiction to admit lawyers, yet Deliu's bar application is being handled solely by the

    Board.

24. Under current § 454.021 of the Florida Statutes, "[t]he Supreme Court of Florida, being the highest court of said state, is the [']proper['] court to govern and regulate admissions of attorneys and counselors to practice law in said state" but Deliu's bar application is, instead, being processed entirely by an administrative agency.

25. No current member of the Board considering Deliu's bar application is one of the seven sitting Justices of the Supreme Court.

26. By virtue of the Rules purporting to create a legal entity which is not authorized by either the state Constitution or Florida statutes, Deliu has been exposed to ultra vires Board processes in excess of the powers bestowed by the people of Florida to the judicial branch of the Florida government vis-à-vis the Supreme Court's unlawful delegation of function.

27. In breach of the federal Constitution's Fifth and Fourteenth Amendments and/or Article 1, Section 9 of the state Constitution, the Supreme Court has violated the state Constitution and/or Florida statute in abdicating its "exclusive" and "proper" function to the Board which in turn has ultra vires handled Deliu's bar application.

**PRAYER FOR RELIEF**

28. Deliu begs for the primary remedy that a declaration issue that the Board is ultra vires ab initio and/or such other recourse as deemed fit in the circumstances.

**JURY DEMAND**

29. Conditionally waived if the instant matter is treated as a summary proceeding with the case being docketed for early hearing as on a motion.

**EXECUTION AND CONTACT DETAILS**

30. Respectfully submitted[3] this 18th day of April 2023

.............................................

F C Deliu

1904 Polo Lake Drive East, Wellington, FL, 33414

+1 (561) 298 – 1517

fcdeliu@gmail.com

---

[3] A certificate of service not included pursuant to local rule 4.1(A) and an oral motion for extension of time for compliance with r Federal Rule of Civil Procedure 5.1(a) will be made in due course.

Home    Profile    Logout



# Florida Board of Bar Examiners

Mr. Frank C. Dellu
1904 Polo Lake Drive East
Wellington, FL 33414

(561) 298-1517
fcdellu@gmail.com

File Number: 69982
File Date: 12/13/21
Acknowledgement of Compliance: 6/15/21
Acknowledgement of Electronic Communications: 6/10/21

You are logged in to a secure site. When you are finished with your session, please be sure to log out of the site. The portal is equipped with a security feature that will log out automatically after 5 minutes of inactivity.

### CHARACTER & FITNESS INVESTIGATION STATUS

#### Investigation is ongoing.

Applicants have an obligation to keep all responses to the Bar Application current, complete, and correct by the filing of timely amendments until execution of the Oath of Attorney in Florida. An amendment is considered timely when made within 30 days of any occurrence that would change or render incomplete any answer to any question on the application.

Review/Amend Finalized Bar Application

### EXAMINATION STATUS

You have passed all parts of the Florida Bar Examination. Under rule 4-18.2, if not admitted before 11/2026, your passing status will expire and you will be required to retake the Florida Bar Examination.

## Outstanding Request(s) for Information/Documentation - Character & Fitness Investigation

Amendment(s) or document(s) are required from you for the board's investigation. Please respond promptly to all requests to avoid delays in processing your bar application. Below is a summary of some requests required from you for the board's investigation. To view all requests, visit the Outstanding Requests page.

You will receive an acknowledgment from the board after the information you provide has been reviewed. Please do not resubmit amendments or documents while the review of a prior submission is pending. The request(s) will remain outstanding until the board has processed the information you provide with regard to each item and determined that your response is sufficient.

| | Request Date | Description |
|---|---|---|
| 🔗 | Jan 30, 2023 | |
| 🔗 | Dec 22, 2022 | |
| 🔗 | Jul 7, 2022 | |
| 🔗 | Jun 27, 2022 | |
| 🔗 | Apr 5, 2022 | |

## Correspondence

The most recent letters from the board are listed below. A letter appearing in red text indicates you have not reviewed the letter. To review a letter below, click on the icon to the left of the document. To view all correspondence, visit the Correspondence page.

| | Correspondence Date | Subject |
|---|---|---|
| 🔗 | Apr 14, 2023 | Board Letter |
| 🔗 | Apr 13, 2023 | Board Letter |
| 🔗 | Apr 5, 2023 | Board Letter |

### Links
Landing Page
Correspondence
Outstanding Request(s) Related to Character & Fitness
Supporting Documents
Uploaded Documents
Test Accommodation Guidelines and Petition Checklist
Pay by ACH or eCheck
### Supporting Forms
Amendment (PDF - 72k)
Financial Declaration (PDF - 442k)
Suggested Order for Unsealing Records (PDF - 115k)
Authorization and Release
Notice of Postponement (PDF - 70k)
Certificate of Dean (PDF - 171k)

Home
Applicant Portal
Admission Requirements
Rules
FAQ
Exam Information, Test Specifications, Study Guide, and Virtual Tour
Examination Results and Statistics
Application and Conversion Checklists and Supporting Forms
Test Accommodations Petition
Links
MPRE Information
Security Policy
Contact Us
Board
Site Map
Practice Analysis Study



A



U.S. POSTAGE
$5.89
FCM
33416
Date of sale
04/13/23
02      6W4
9813300449

USPS FIRST-CLASS MAIL®

2.90 oz
RDC 99

C001

FRANK C DELIU
1904 POLO LAKE DR E
WELLINGTON FL 33414-6198

SHIP
TO:

U.S. COURT NORTH DISTRICT
UNITED STATES COURTHOUSE
111 N ADAMS ST
TALLAHASSEE FL 32301-7736

USPS CERTIFIED MAIL®

9507 1066 7826 3108 5310 42

CERTIFIED MAIL

7022 3330 0001 5865 7699

FROM:

APR 20 2023