**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

FRANCISCO CATALIN DELIU,

     Plaintiff,

v.                                                                Case No. 4:23-cv-156-MW-MJF

FLORIDA BOARD OF BAR
EXAMINERS, et al.,

     Defendants.

_____/

## <u>ORDER</u>

This matter is before this court regarding:

- Defendants' "Unopposed Motion to Stay Discovery and Rule 26 Disclosures," Doc. 40;

- Plaintiff's "Cross Motions," Doc. 43; and

- Defendants' motion for "Leave to file a Reply Memorandum," Doc. 44.

## I. DISCUSSION

### A.    <u>Plaintiff's Motion</u>

In his motion, Plaintiff seeks: (1) an extension of time to file his response in opposition to Defendants' motion to dismiss; (2) permission

to file documents electronically; and (3) a hearing on the motion to dismiss.

### 1.    *Extension of Time*

Plaintiff's request for an extension of time is granted. This court accepts Plaintiff's response to the motion to dismiss, Doc. 43, as timely filed.

### 2.    *Electronic Filing*

The Local Rules for the Northern District of Florida provide:

> Unless the Court orders otherwise, every document submitted for filing must be submitted through the electronic filing system, not in hard copy or by facsimile or other means, except that [a *pro se* party's] documents may—and if so required by an administrative order or an order in a case must—be filed in hard copy[.]

N.D. Fla. Loc. R. 5.4(A)(3). On November 28, 2003, United States District Judge Roger Vinson signed an administrative order regarding electronic filing. *See In re: Electronic Case Filing*, 4:95-mc-40111-DJ (N.D. Fla. Dec. 3, 2003). This order states: "*Pro se* litigants who are not attorneys must file all documents with the court in paper form." *Id.* at Doc. 42 (administrative order). The judges in the Northern District generally do not permit *pro se* parties to file documents electronically.

Additionally, Plaintiff does not state that he is familiar with the Local Rules for the Northern District of Florida or the procedures for electronically filing documents in the Northern District. Plaintiff has not appeared as counsel in this court or been registered to use the Northern District's electronic filing system. For all of these reasons, this aspect of Plaintiff's motion is denied.

### 3.   *Hearing*

Local Rule 7.1(K) of the Local Rules for the Northern District of Florida notes that the usual practice is to "rule on a motion without oral argument, even if a party requests oral argument." N.D. Fla. Loc. R. 7.1(K). Indeed, a district court enjoys discretion not to hold a hearing or oral argument to address issues arising in a civil action. *Carpinteria Valley Farms, Ltd. v. Cty. of Santa Barbara*, 344 F.3d 822, 832 n.6 (9th Cir. 2003); *Hill v. Porter Mem. Hosp.*, 90 F.3d 220, 224 (7th Cir. 1996); *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988).

At this time, this court declines to hold a hearing. If this court determines that a hearing is necessary to resolve any issue, this court would schedule one. *See* N.D. Fla. Loc. R. 7.1(K) (noting that a court may

*sua sponte* schedule oral argument). Therefore, Plaintiff's request for a hearing is denied without prejudice.

## B.    <u>Defendants' Motions</u>

### 1.    *Stay of The Discovery Process*

Defendants' unopposed motion to stay discovery and Rule 26 disclosures pending this Court's ruling on Defendants' motion to dismiss is **GRANTED**.

### 2.    *Reply Memorandum*

Defendants seek permission to file a reply memorandum. Doc. 44. This court will grant the motion, and on or before **February 14, 2025,** Defendants shall file their reply. Defendants' reply memorandum must comply with the Local Rules.

## II. CONCLUSION

For the reasons set forth above, it is **ORDERED:**

1.    Defendants' "Unopposed Motion to Stay Discovery and Rule 26 Disclosures," Doc. 40, is **GRANTED**.

2.    Plaintiff's "Cross Motions," Doc. 43, is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.    Plaintiff's motion for extension of time is **GRANTED**

and this court accepts Plaintiff's response in opposition as timely filed;

b.    Plaintiff's motion for electronic filing privileges and motion for a hearing is **DENIED.**

3.    Defendants' motion for leave to file a reply memorandum, Doc. 44, is **GRANTED**.

4.    **On or before February 14, 2025**, Defendants shall file and serve their reply memorandum.

**SO ORDERED** this <u>6th</u> day of February, 2025.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**