# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

FRANCISCO CATALIN DELIU,

     Plaintiff,

v.                                Case No. 4:23-cv-156-MW-MJF

FLORIDA BOARD OF BAR
EXAMINERS, *et al.*,

     Defendants.

_____/

## **REPORT AND RECOMMENDATION**

In this civil action filed pursuant to 42 U.S.C. § 1983, Plaintiff contends that the Florida Supreme Court violated the Due Process Clause and Florida law when it created the Florida Board of Bar Examiners, and the Board violated Plaintiff's right to due process of law when the Board failed to review expeditiously Plaintiff's application for admission to the Florida Bar. Plaintiff sues the Florida Board of Bar Examiners, its members, its executive director, and its general counsel— in their official capacities. Defendants moved to dismiss for failure to state a claim upon which relief can be granted. Doc. 39. Plaintiff

responded in opposition. Doc. 43. Because Plaintiff fails to state a claim, the District Court should grant Defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff is a Florida resident and "an admitted barrister and solicitor" in other nations that Plaintiff does not specify. Doc. 26 ¶ 4. In 2021, Plaintiff applied for admission to the Florida Bar, and the Florida Board of Bar Examiners ("the Board") has not recommended that the Florida Supreme Court authorize Plaintiff to practice law in Florida. *Id.* ¶ 3.

Plaintiff contends that the Florida Supreme Court violated Florida law when it created the Board. Plaintiff further contends that the Board has violated his constitutional rights by processing his application and preventing the Florida Supreme Court from considering Plaintiff's application to the Florida Bar. Doc. 26 at ¶ 49. For relief, Plaintiff seeks a court order: (1) compelling the Board to place his bar application before the Supreme Court for consideration; and (2) precluding the Board from exercising any jurisdiction over Plaintiff's application to practice law in Florida.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes defendants to move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a claim to survive dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than the mere possibility that the defendant acted unlawfully. *Id.*

## III. DISCUSSION

### A. Failure to State a Claim for a Denial of "Procedural" Due Process

In a claim asserted pursuant to 42 U.S.C. § 1983, Plaintiff contends that the Defendants violated Plaintiff's Fourteenth-Amendment right to procedural due process of law.[1] Doc. 26 at 15–16.

---

[1] Plaintiff also contends that Defendants violated Plaintiff's Fifth-Amendment right to due process of law. Doc. 26 at 16. But the Due

1.    *"Unconstitutional Delegation of Authority" Claim*

Plaintiff alleges that the Florida Supreme Court denied Plaintiff due process of law by delegating to the Board the Florida Supreme Court's authority to admit attorneys to the Florida bar. *See* Doc. 26 at 10, 16.

Under the United States Constitution, delegation of *federal* power is limited by the separation of powers principle incorporated in the first three Articles of the Constitution. *See Collins v. Yellen*, 594 U.S. 220, 245 (2021); *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 223 (2020). The Constitution, therefore, places limitations on delegations of *federal* powers. *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 472 (2001); *Touby v. United States*, 500 U.S. 160, 165 (1991).

But the United States Constitution does not require "the states to have a tripartite system of government." *United Beverage Co. of S. Bend v. Indiana Alcoholic Beverage Comm'n*, 760 F.2d 155, 157 (7th Cir. 1985).

---

Process Clause of the Fifth Amendment "applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Plaintiff does not assert a claim against the United States or a federal actor. Thus, Plaintiff has failed to state a Fifth-Amendment due-process claim.

"[M]aintenance of the separation of powers in the States is not, in and of itself, a concern of the Federal Constitution." *Uphaus v. Wyman*, 360 U.S. 72, 100 (1959).

Nevertheless, a state's delegation of *legislative power* to private organizations devoid of a "standard by which the power thus given is to be exercised," can violate the Due Process Clause of the Fourteenth Amendment. *Eubank v. City of Richmond*, 226 U.S. 137, 143–44 (1912); *see City of Eastlake v. Forest City Enters., Inc.,* 426 U.S. 668, 677 (1976); *Washington ex rel. Seattle Title Trust Co. v. Roberge*, 278 U.S. 116, 120 (1928); *Douglas v. Noble*, 261 U.S. 165, 168–70 (1923). A state "legislative body may not constitutionally delegate to private parties the power to determine the nature of rights to property in which other individuals have a property interest, without supplying standards to guide the private parties' discretion." *Gen. Electric Co. v. New York State Dep't of Labor*, 936 F.2d 1448, 1455 (2d Cir. 1991).

To state a due-process claim that a state unlawfully delegated authority to a private entity, a plaintiff must allege *at least* the following:

(1) The state delegated *legislative* power to a private board;

(2) The state failed to provide the private board any standard by

which to exercise the delegated power;

(3) The state lacks any ability to review meaningfully the board's decisions, thus depriving the plaintiff of a process to seek redress; and

(4) The state deprived the plaintiff of life, liberty, or property.

*Roberge*, 278 U.S. at 120; *Douglas,* 261 U.S. at 168–70; *Eubank*, 226 U.S. at 143–44; *Rice v. Village of Johnstown, Ohio*, 30 F.4th 584, 590–91 (6th Cir. 2022); *United Beverage Co. of S. Bend*, 760 F.2d at 159.

***The Florida Supreme Court Did Not Delegate Legislative Power to the Board.*** Under Florida law, the power to admit or deny admission to the bar is a judicial power, not a legislative power.[2] Florida law specifically states:

---

[2] Florida is not an outlier in this respect. Most states entrust the power to control admission to the bar to the highest court of a particular state. *See Leis v. Flynt*, 439 U.S. 438, 442 (1979) (per curiam); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (New Jersey); *Schware v. Bd. of Bar Exam'rs of the State of N.M.*, 353 U.S. 232, 248 (1967) (Frankfurter, J., concurring); *Ex parte Garland*, 71 U.S. 333, 378–79 (1866); *Nichols v. Ala. State Bar*, 815 F.3d 726, 732 (11th Cir. 2016) (Alabama). Indeed, this is one of the reasons that attorneys are sometimes referred to as "officers of the court." *Ex parte Garland*, 71 U.S. at 378.

- "The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted." FLA. CONST., art. v § 15.

- "Admissions of attorneys and counselors to practice law in the state is hereby declared to be a judicial function." Fla. Stat. § 454.021(1).

- "The Supreme Court of Florida, being the highest court of said state, is the proper court to govern and regulate admissions of attorneys and counselors to practice law in said state." Fla. Stat. § 454.021(2).

Thus, to the extent the State of Florida delegated power to the Board to assess the fitness of attorneys to be admitted to practice in Florida courts, it did not delegate legislative power. Because Florida did not delegate legislative power to the Board, Plaintiff has failed to state a claim upon which relief can be granted.

***The Florida Supreme Court Provided Standards to Govern the Board.*** There is a second, independent reason to dismiss Plaintiff's "delegation" claim: The State of Florida has provided the Board with standards to govern its conduct.[3]

---

[3] In traditional delegation claims, as long as there is an "intelligible principle" to guide the agency in applying the law, courts will not "disturb [the] grant of authority." *Fed. Commc'ns Comm'n v. Consumers' Rsch.*, 606 U.S. __, 145 S. Ct. 2482, 2491 (2025). This simply requires that both

The Florida Supreme Court promulgated and approved the Rules of the Supreme Court Relating to the Admissions to the Bar. *See* Fla. Bar Admiss. R. 1-12. The Supreme Court created the Board "to implement the rules relating to bar admissions." Fla. Bar Admiss. R. 1-13. The Rules require the Board to "ensure that each applicant has met the requirements of the rules with regard to character and fitness, education, and technical competence prior to recommending an applicant for admission" and "recommend the admission of every applicant who has complied with all the requirements of the applicable rules, who has attained passing scores on the examination and who has demonstrated the requisite character and fitness for admission." Fla. Bar Admiss. R. 1-14.2, 1-16, 5-10. Thus, the Rules require the Board to "conduct an investigation to determine the character and fitness of each applicant or registrant." Fla. Bar Admiss. R. 3-21.

The Rules also identify the "essential attributes for all applicants." Fla Bar Admiss. R. 3-10. Furthermore, the Rules set forth what

_____

the "general policy" that an agency must pursue, and the boundaries of its delegated authority are clear such that the courts, agency and public can ascertain whether the agency followed the law. *Id.*; *see Bush v. Schiavo*, 885 So. 2d 321, 332 (Fla. 2004).

misconduct may be cause for further inquiry before recommendation of admission can be made, factors that must be considered in assigning weight and significant to the prior misconduct, and factors to be considered in deciding whether an applicant has sufficiently shown "rehabilitation." *See* Fla. Bar Admiss. R. 3-11, 3-12, 3-13.

The Florida Supreme Court also prescribed the categories of conduct that make an applicant ineligible to apply for admission. *See.* Fla. Bar Admiss. R. 2-13.

Thus, the Florida Supreme Court provided the Board with sufficient standards to govern its conduct and did not empower the Board to act arbitrarily. For this reason, too, Plaintiff fails to state a plausible due-process claim based on the alleged delegation of authority to the Board.

***The Florida Supreme Court Retains Final Authority to Review the Board's Decisions.*** There is a third independent reason to dismiss Plaintiff's delegation claim: The Florida Supreme Court retains the authority to review and overrule any decision by the Board.

The Board of Bar Examiners was created by the Florida Supreme Court. *LaBossiere v. Fla. Bd. of Bar Exam'rs*, 279 So. 2d 288, 289 (Fla.

1973). The Board also is "subject to the direct control and supervision of that court." *Ramos v. Tomasino*, 701 F. App'x 798, 804 (11th Cir. 2017) (internal citations and quotations omitted). "Because the Florida Supreme Court retains plenary authority over the actions of . . . the Board of Bar Examiners, it retains the ultimate power to make admissions." *Id.* (internal citations and quotations omitted); *Uberoi v. Supreme Court of Florida*, 819 F.3d 1311, 1312 (11th Cir. 2016); *Lopez v. Fla. Bd. Of Bar Exam'rs*, 231 So. 2d 819, 821 (Fla. 1969). Indeed, the rules for admission to the Florida Bar specifically authorize applicants to seek review by the Florida Supreme Court of the Board's decisions and actions, including any undue delay by the Board. *See e.g.,* Fla. Bar Admiss. R. 2-30.2; Fla. Bar Admiss. R. 3-40.

Because the Florida Supreme Court retains the authority to review and overrule any decision by the Board, Plaintiff's delegation claim also fails.

## 2. *Claim that the Board Has Failed to Address Plaintiff's Application Promptly*

Plaintiff also alleges that the Board denied Plaintiff due process of law by suspending consideration of Plaintiff's application and by failing

to make a character and fitness determination expeditiously. Doc. 26 ¶¶ 15, 17(e).

Under the Fourteenth Amendment, a state must "provide fair procedures and an impartial decisionmaker before infringing on a person's interest in life, liberty, or property." *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994). For a procedural due process claim, the "deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). In other words, a claim for a violation of due process under § 1983 "is not complete when the deprivation occurs" rather it is complete only when "the State fails to provide due process." *Id.* at 126. Thus, to state a claim for a violation of the right to procedural due process, a plaintiff must allege:

(1) a constitutionally protected interest in life, liberty or property;

(2) governmental deprivation of that interest; and

(3) the state provided inadequate procedures.

*Bank of Jackson Cnty. v. Cherry*, 980 F.2d 1362, 1366 (11th Cir. 1993); *see Reed v. Goertz*, 598 U.S. 230, 236 (2023).

***Florida Provided Adequate Procedures to Challenge the
Board's Suspension of Plaintiff's Application and the Board's
Delay.*** Florida Bar Rules Regarding Admission of Attorneys provided—
and continue to provide—Plaintiff with avenues to challenge: (1) the
Board's suspension of Plaintiff's bar application; (2) any undue delay by
the Boad in processing Plaintiff's bar application; and (3) the Board's
recommendation to the Florida Supreme Court, if the Board makes an
adverse recommendation.

To the extent Plaintiff challenges the Board's decision to suspend
his bar application, the rules governing admission to the Florida Bar
provide Plaintiff an opportunity to seek Florida Supreme Court review of
the Board's decision:

> Any applicant or registrant who is dissatisfied with an
> administrative decision of the board that *does not concern
> character and fitness matters* may, within 60 days after
> receipt of written notice of that decision, file a petition with
> the Supreme Court of Florida for review of the action.

Fla. Bar Admiss. R. 2-30.2 (emphasis added); *see Fla. Bd. of Bar Exam'rs
re Webster*, 3 So.3d 1058, 1059 (Fla. 2009) (reviewing the Board's decision
to cease processing Webster's application for admission to the Florida
Bar); *Fla. Bd. of Bar Examiners re R.L.V.H.*, 587 So. 2d 462, 463 (Fla.

1991) (reviewing a decision by the Board that a petitioner was ineligible to apply for admission to the Florida Bar).

Furthermore, the Rules permit applicants "whose character and fitness investigation is not finished within 9 months from the date of submission of a completed Bar Application" to petition the Supreme Court of Florida for an order directing the board to conclude its investigation. Fla. Bar Admiss. R. 3-40.2.

Additionally, if the Board makes an adverse recommendation regarding an applicant's character and fitness, the Rules also permit applicants to seek judicial review of the Board's determination. *See* Fla. Bar Admiss. R. 3-40.1. Plaintiff does not allege that these avenues of seeking relief from the Florida Supreme Court are unavailable to him.

Because Florida law provided Plaintiff adequate process to address the Board's decision to suspend Plaintiff's bar application, and any undue delay by the Board, and any adverse recommendation the Board may make, Plaintiff has failed to state a claim for a denial of due process.

## B.  Failure to State a "Substantive" Due Process Claim

The United States Supreme Court has held that, in addition to its procedural component, the Due Process Clause of the Fourteenth

Amendment encompasses a "substantive" component. *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998); *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013). The substantive aspect of the Due Process clause, however, protects only "fundamental" rights. *See McKinney*, 20 F.3d at 1556 (citing *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)). Fundamental rights are those "deeply rooted in our legal tradition" and that are "implicit in the concept of ordered liberty." *Hillcrest Property, LLP v. Pasco County*, 915 F.3d 1292, 1297 (11th Cir. 2019); *Eknes-Tucker v. Governor of Ala.*, 114 F.4th 1241, 1296 (11th Cir. 2024). A violation of substantive due process occurs when an individual's fundamental rights are infringed, regardless of the fairness of the procedure. *McKinney*, 20 F.3d at 1556.

To state a plausible "substantive" due process claim, a plaintiff must allege:

(1) the plaintiff was deprived of a constitutionally protected interest; and

(2) the deprivation was the result of an abuse of governmental power sufficient to raise an ordinary tort to the stature of a constitutional violation.

*Hoefling v. City of Miami*, 811 F.3d 1271, 1282 (11th Cir. 2016); *Manzini v. The Florida Bar*, 511 F. App'x 978, 982 (11th Cir. 2013).[4]

***Florida Law Cannot Create a Substantive Right.*** When "substantive rights are created only by state law," they "are not subject to substantive due process protection . . . because substantive due process rights are created only by the [United States] Constitution." *McKinney*, 20 F.3d at 1556. Plaintiff asserts that, under the *Florida Constitution*, he has a "fundamental right" to have the Florida Supreme Court "exclusively" address his bar application. Doc. 26 ¶ 48. But the Florida constitution cannot create a fundamental right sufficient to state a plausible claim for relief on "substantive" due process grounds. *See also Hillcrest Prop., LLP*, 915 F.3d at 1298 ("fundamental rights in the constitutional sense do not include 'state-created rights.'").

---

[4] There is a second type of substantive due process claim. "When 'state created rights are infringed by a 'legislative act,' the substantive component of Due Process Clause generally protects that person from arbitrary and irrational government action." *Hillcrest Property, LLP*, 915 F.3d at 1299. Plaintiff, however, does not allege that a legislative act infringed his rights.

Furthermore, even if the Florida Constitution could create a fundamental right for purposes of a substantive due process claim, as discussed above, Plaintiff has not been deprived of his Florida constitutional right to have the Florida Supreme Court address his bar application. The Florida Supreme Court retains the ultimate decision-making authority regarding whether Plaintiff is admitted to the Florida Bar.

**There is No Fundamental Right to Practice Law.** To the extent Plaintiff claims that he has the fundamental right to practice law, the Eleventh Circuit has unequivocally held otherwise: "The right to practice law is not a fundamental right." *Kirkpatrick v. Shaw*, 70 F.3d 100, 103 (11th Cir. 1995) (citing *Jones v. Bd. of Comm'rs of Ala. State Bar*, 737 F.2d 996, 1000 (11th Cir. 1984)); *Schwarz v. Kogan*, 132 F.3d 1387, 1390 n.2 (11th Cir. 1998).

Accordingly, because Plaintiff has not alleged that the Defendants deprived him of a constitutionally-protected interest, he has failed to state a substantive due process claim.

C.   **Plaintiff's Claim Under Florida Law that the Florida Supreme Court Violated Florida Law When It Created the Board**

Finally, Plaintiff asks the District Court to invalidate the Florida Supreme Court's creation of the Board because Florida law—specifically the Florida Constitution and Fla. Stat. § 454.021—purportedly did not authorize the Florida Supreme Court to create the Board. Doc. 26 ¶¶ 19–44.

Because Plaintiff's *ultra vires* claim is based on the Florida Constitution, the District Court must follow Florida law. *Highland Farms Dairy v. Agnew*, 300 U.S. 608, 612 (1937). The construction of a state statute and state constitution by the state supreme court is binding on federal courts, and the words of the state supreme court "are the words of the statute." *N.A.A.C.P. v. Button*, 371 U.S. 415, 432 (1963); *Highland Farms Dairy*, 300 U.S. at 612; *see also Mississippi Valley Title Ins. Co. v. Thompson*, 754 F.3d 1330, 1334 (11th Cir. 2014); *Johnston v. Tampa Sports Auth.*, 530 F.3d 1320, 1325 (11th Cir. 2008).

As noted above, the Florida Constitution vests "exclusive jurisdiction to regulate the admission of persons to the practice of law" in the Florida Supreme Court. FLA. CONST., art. v § 15. This authority is

also codified in Florida statute. Fla. Stat. § 454.021(2) ("The Supreme Court of Florida, being the highest court of said state, is the proper court to govern and regulate admissions of attorneys.").

The Florida Supreme Court has interpreted these provisions and concluded that its creation of the Board was a lawful exercise of its exclusive constitutional and statutory authority. *LaBossiere*, 279 So. 2d at 289; *In re Fla. Bd. of Bar Exam'rs*, 353 So. 2d 98, 100 (Fla. 1977); *State ex rel. Fla. Bar v. Evans*, 94 So. 2d 730, 734 (Fla. 1957). Because the Florida Supreme Court has definitively held that its creation of the Board was an act within the authority entrusted to the Court by the Florida Constitution, Plaintiff cannot state a plausible claim to the contrary.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **GRANT** Defendants' motion to dismiss, Doc. 39;

2.  **DISMISS** this civil action; and

3.  **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>6th</u> day of August, 2025.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PLAINTIFF

**The District Court referred this case to a magistrate judge to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control**</u>**. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**